UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIRST LIBERTY FINANCIAL MORTGAGE,<br><br>Defendant. | Case No. 3:11-cv-00779<br><br>Judge: Hon. William J. Haynes, Jr.<br><br>JURY TRIAL DEMANDED |
| FIRST LIBERTY FINANCIAL GROUP, LLC,<br><br>Counterclaimant,<br><br>v.<br><br>FRANKLIN AMERICAN MORTGAGE COMPANY,<br><br>Counterdefendant. | |

## ANSWER AND COUNTERCLAIM

### ANSWER

First Liberty Financial Group, LLC ("First Liberty") a Kentucky limited liability company doing business as First Liberty Financial Mortgage, responds to plaintiff's complaint as follows:

**JURISDICTION AND VENUE**

A. This action originated in state court and was timely and properly removed to this Court by First Liberty pursuant to the provisions of 28 U.S.C. § 1441(b).

Franklin American v. First Liberty
Case No. 3:11-cv-00779                         P a g e | 1                         Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 1 of 16 PageID #: 106

B. This action is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

C. Venue is appropriate in this Court under 28 U.S.C. § 1361 in that a substantial amount of the acts, events and omissions giving rise to this lawsuit occurred in this District, plaintiff resides and is doing business in this District, and plaintiff initiated this action in this District.

### FIRST LIBERTY'S RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph and therefore denies the same.

2. Deny.

3. First Liberty admits that it is in the business of mortgage loan origination and that the subject matter of plaintiff's complaint concerns a mortgage loan originated by First Liberty.

4. Admit.

5. Deny.

6. Deny.

7. Deny.

8. First Liberty restates and incorporates herein its responses to paragraphs 1-7, above.

9. First Liberty admits that it entered into a Correspondent Loan Purchase Agreement (the "Loan Purchase Agreement") with plaintiff in January 2007 and that the Loan Purchase Agreement does not represent the entirety of the relevant contractual relationships between the parties thereto.

10. First Liberty admits that the Loan Purchase Agreement provides what is stated therein, imposes terms and conditions on the parties thereto, and does not represent the entirety of the relevant contractual relationships between the parties thereto.

11. First Liberty admits that the Loan Purchase Agreement provides what is stated therein, contains representations and warranties on the part of the parties thereto, and does not represent the entirety of the relevant contractual relationships between the parties thereto.

Franklin American v. First Liberty
Case No. 3:11-cv-00779  P a g e | 2  Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 2 of 16 PageID #: 107

12. First Liberty admits that the Loan Purchase Agreement provides what is stated therein, imposes certain duties and obligations on the parties thereto, and does not represent the entirety of the relevant contractual relationships between the parties thereto.

13. First Liberty admits that the Loan Purchase Agreement provides what is stated therein, contains representations and warranties on the part of the parties thereto, and does not represent the entirety of the relevant contractual relationships between the parties thereto.

14. First Liberty admits that it originated a mortgage loan with the borrower identified in plaintiff's complaint. First Liberty is without sufficient information at this time to admit or deny the remaining allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

15. First Liberty admits that the Loan Purchase Agreement provides what is stated therein, contains representations and warranties on the part of the parties thereto, and does not represent the entirety of the relevant contractual relationships between the parties thereto. First Liberty is without sufficient information at this time to admit or deny the remaining allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

16. First Liberty admits that the Loan Purchase Agreement provides what is stated therein and does not represent the entirety of the relevant contractual relationships between the parties thereto. First Liberty is without sufficient information at this time to admit or deny the remaining allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

### (Specific Performance)

21. First Liberty restates and incorporates herein its responses to paragraphs 1-20, above.

22. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

23. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

24. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

25. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

### (Breach of Contract)

30. First Liberty restates and incorporates herein its responses to paragraphs 1-29, above.

31. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

32. Deny.

Franklin American v. First Liberty
Case No. 3:11-cv-00779    P a g e | 4    Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 4 of 16 PageID #: 109

33. Deny.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

### (Breach of Express Warranty)

34. First Liberty restates and incorporates herein its responses to paragraphs 1-33, above.

35. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

36. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

37. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

### (Misrepresentation)

43. First Liberty restates and incorporates herein its responses to paragraphs 1-42, above.

44. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

45. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite

Franklin American v. First Liberty
Case No. 3:11-cv-00779  P a g e | 5  Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 5 of 16 PageID #: 110

statement and, therefore, denies the same.

46. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

47. Deny.

48. Deny.

49. First Liberty is without sufficient information at this time to admit or deny the allegations in this paragraph without the benefit of the underlying documentation and/or a more definite statement and, therefore, denies the same.

50. Deny.

51. Deny.

52. Deny.

53. First Liberty denies that plaintiff is entitled to the relief as prayed for in its complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's claims fail to state facts sufficient to constitute a claim for relief in law or in equity.

### SECOND AFFIRMATIVE DEFENSE

**(Third Party Fault)**

Any injury, damage or loss sustained by plaintiff, if any, is a direct and proximate result of the conduct and actions of parties other than this answering party, which conduct bars and/or diminishes plaintiff's recovery, if any.

### THIRD AFFIRMATIVE DEFENSE

**(Plaintiff's Fault)**

Any injury, damage or loss sustained by plaintiff, if any, is a direct and proximate result of plaintiff's own intentional and/or negligent conduct and actions.

Franklin American v. First Liberty
Case No. 3:11-cv-00779                    P a g e | 6                    Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 6 of 16 PageID #: 111

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

If plaintiff sustained any injury, damage or loss, which injury, damage or loss is specifically denied by this answering party, then any damages resulting therefrom, if any, must be reduced by plaintiff's failure to adequately mitigate its injury, damage or loss, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (Justification)

The complained of actions of this answering party were justified and undertaken in good faith.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

By its past conduct, past declarations, past arguments, deeds and judgments, plaintiff acted with the intent to deliberately lead this answering party into a position of difficulty. In reliance thereon, this answering party acted to its detriment. To permit plaintiff to recover will work an injustice and, therefore, this answering party asks the Court to protect it by decreeing that plaintiff has waived its rights, if any. The conduct of plaintiff constitutes a waiver of its right to complain at the present time.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By its past conduct, past declarations, past arguments, deeds and judgments, plaintiff acted with the intent to deliberately lead this answering party into a position of difficulty. In reliance thereon, this answering party acted to its detriment. To permit plaintiff to recover will work an injustice and, therefore, this answering party asks the Court to protect it by decreeing that plaintiff is estopped to assert its rights, if any. The conduct of plaintiff acts to bar by estoppel its right to complain at the present time.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The complaint is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

**(Breach of the Covenant of Good Faith and Fair Dealing)**

Plaintiff has breached the covenant of good faith and fair dealing in the underlying contractual documentation and transactions.

## TENTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary and/or Indispensable Parties)**

Plaintiff has failed to join necessary and/or indispensible parties as provided under Rule 19 of the Federal Rules of Civil Procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

The complaint is barred by the doctrine of laches.

## COUNTERCLAIM

First Liberty hereby counterclaims against plaintiff as follows:

## JURISDICTION AND VENUE

A. This action originated in state court and was timely removed to this Court by First Liberty pursuant to the provisions of 28 U.S.C. § 1441(b).

B. This action is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

C. Venue is appropriate in this Court under 28 U.S.C. § 1361 in that a substantial amount of the acts, events and omissions giving rise to this lawsuit occurred in this District, plaintiff resides and is doing business in this District, and plaintiff initiated this action in this District.

## PARTIES

1. First Liberty is informed and believes, and therefore alleges, that plaintiff Franklin American Mortgage Company ("FAMC") was and is a corporation incorporated under the laws of the

Franklin American v. First Liberty
Case No. 3:11-cv-00779    P a g e | 8    Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 8 of 16 PageID #: 113

State of Tennessee and has its principal place of business in the State of Tennessee. FAMC purchases, resells and/or services residential mortgage loans on the secondary mortgage market.

2. First Liberty was and is a Kentucky limited liability company doing business as First Liberty Financial Mortgage under the laws of the State of Kentucky and has its principal place of business in the State of Kentucky. First Liberty originates, sources and/or resells residential mortgage loans.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

3. In January 2007 First Liberty and FAMC executed a correspondent loan purchase agreement providing for the sale of residential mortgage loans by First Liberty to FAMC (the "Loan Purchase Agreement"). A true and accurate copy of the Loan Purchase Agreement is attached hereto as **Exhibit 1** and incorporated herein.

4. Under the Loan Purchase Agreement, the documents defining and governing the contractual relationship and the rights and responsibilities by and between First Liberty and FAMC include, but are not limited to, the Loan Purchase Agreement, the exhibits thereto, FAMC's correspondent lending manual, designated commitment confirmations, agency and servicing guides, written or electronically transmitted notifications provided to First Liberty by FAMC, and any and all other documents, instruments, and materials in connection therewith, any and all amendments thereof, and state and federal laws and regulations applying thereto (collectively, the "Contract Documents").

5. Under the Loan Purchase Agreement, FAMC and First Liberty agreed to the purchase and sale of mortgage loans and related servicing rights subject to the terms and conditions of the Loan Purchase Agreement and the Contract Documents and agreed, among other things, that each mortgage loan is required to be sold on a "serviced released basis," meaning that all servicing rights and responsibilities are transferred and assigned from First Liberty to FAMC and that FAMC shall notify First Liberty in writing of any assignment of FAMC's rights and responsibilities under the Contract Documents to any third party (collectively, the "Mortgage Loan Obligations").

Franklin American v. First Liberty
Case No. 3:11-cv-00779 P a g e | 9 Answer and Counterclaim
Case 3:11-cv-00779 Document 17 Filed 10/17/11 Page 9 of 16 PageID #: 114

6. In August 2007 Erin Ugboaja and Kanayo Ugboaja (collectively, the "Borrowers") executed a note promising to pay First Liberty, as lender, the sum of $204,000, plus interest accrued thereon (the "Mortgage Loan"). A true and accurate copy of the Mortgage Loan is attached hereto as **Exhibit 2** and incorporated herein.

7. In August 2007 the Borrowers executed, contemporaneously with the Mortgage Loan, a deed of trust securing the Borrowers' performance to First Liberty under the Mortgage Loan (the "Deed of Trust"). Steltemeier & Westbrook, PLLC ("Steltemeier ") is the trustee under the Deed of Trust. A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit 3** and incorporated herein.

8. In August 2007 the Borrowers executed, contemporaneously with the Mortgage Loan and the Deed of Trust, a planned unit development rider that is incorporated into and deemed to amend and supplement the Deed of Trust and to secure the Mortgage Loan (the "PUD Rider"). A true and accurate copy of the PUD Rider is attached hereto as **Exhibit 4** and incorporated herein.

9. In August 2007 the improved real property located at 6829 Hickory Rim Court in Antioch, Davidson County, Tennessee (the "Property") was transferred and conveyed by the sellers to the Borrowers, as the buyers, in consideration for proceeds of the Mortgage Loan (the "Warranty Deed"). A true and accurate copy of the Warranty Deed is attached hereto as **Exhibit 5** and incorporated herein.

10. The Mortgage Loan, the Deed of Trust, the PUD Rider, the Warranty Deed, and any and all other information provided to First Liberty during the Borrowers' mortgage loan application process by, among others, the Borrowers and independent credit reporting agencies, are sometimes collectively referred to herein as the "Mortgage Loan Documents."

11. In August 2007 Fannie Mae reviewed the information provided to First Liberty by the Borrowers during the Mortgage Loan application process, found that the Borrowers met Fannie Mae's guidelines, determined that the Borrowers were eligible for the Mortgage Loan, found that the presence of mortgage insurance contributed to the underwriting recommendation, and approved the Mortgage Loan for underwriting (the "Fannie Mae Underwriting Findings").

Franklin American v. First Liberty
Case No. 3:11-cv-00779                     P a g e | 10                    Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 10 of 16 PageID #: 115

12. In accordance with, subject to and with full and advance knowledge, notice and delivery of the Loan Purchase Agreement, the Contract Documents, the Mortgage Loan Obligations, the Mortgage Loan Documents, and the Fannie Mae Underwriting Findings, in August 2007 FAMC purchased the Mortgage Loan from First Liberty (the "Mortgage Loan Purchase").

13. First Liberty is informed and believes, and therefore alleges, that after the Mortgage Loan Purchase FAMC sold the Mortgage Loan to a third party (the "Mortgage Loan Sale") and did not timely and fully notify First Liberty of the Mortgage Loan Sale.

14. First Liberty is informed and believes, and therefore alleges, that after the Mortgage Loan Sale the Borrowers defaulted under the Mortgage Loan (the "Event of Default"), that FAMC knew and/or should have known of the Event of Default, and that FAMC did not timely and fully notify First Liberty of the Event of Default.

15. First Liberty is informed and believes, and therefore alleges, that in February 2009 the appraised value of the Property was $211,600.

16. First Liberty is informed and believes, and therefore alleges, that in February 2009 the Property was sold to satisfy the amounts then due from the Borrowers under the Mortgage Loan (the "Property Sale"), that FAMC knew and/or should have known of the Property Sale, and that FAMC did not timely and fully notify First Liberty of the Property Sale.

17. First Liberty is informed and believes, and therefore alleges, that prior to the Mortgage Loan Purchase, the Mortgage Loan Sale, the Event of Default and/or the Property Sale FAMC knew, should have known, and/or believed, among other things, that the information and disclosures in the Mortgage Loan Documents and the Fannie Mae Underwriting Findings were materially accurate and that the Mortgage Loan was in accordance with FAMC's, Fannie Mae's, underwritings' and all other applicable guidelines and procedures for mortgage loan eligibility and approval.

Franklin American v. First Liberty
Case No. 3:11-cv-00779     P a g e | 11     Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 11 of 16 PageID #: 116

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

18. First Liberty repeats and incorporates herein by reference the allegations in the immediately preceding paragraphs 1-17 of this counterclaim.

19. By its actions as alleged herein, FAMC has breached its obligations and responsibilities under the Loan Purchase Agreement and the Mortgage Loan Documents. By its actions as alleged herein, FAMC has breached the Loan Purchase Agreement and the Mortgage Loan Documents by, among other things, engaging in the acts and failures to act as alleged hereinabove in contravention and violation of the Loan Purchase Agreement and the Mortgage Loan Documents and First Liberty's rights.

20. First Liberty has performed all obligations to FAMC under the Loan Purchase Agreement and the Mortgage Loan Documents except those obligations First Liberty was prevented or excused from performing.

21. FAMC's wrongful acts as alleged herein have caused and are causing damage to First Liberty. As a direct and proximate result of the aforementioned acts, First Liberty has suffered damages in an amount in excess of $75,000, the jurisdictional limit of this Court, exclusive of interest and costs.

22. Accordingly, First Liberty prays for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (Interference with Contract)

23. First Liberty repeats and incorporates herein by reference the allegations in the immediately preceding paragraphs 1-22 of this counterclaim.

24. First Liberty asserts and seeks a common law right of recovery against FAMC for interference with contractual relations including, but not limited to, the relationship between First Liberty and the Borrowers.

25. Pursuant to Tenn. Code Ann. §§ 47-50-109 First Liberty asserts and seeks a statutory right of recovery against FAMC for interference with contractual relations including, but not limited to,

Franklin American v. First Liberty
Case No. 3:11-cv-00779 P a g e | 12 Answer and Counterclaim
Case 3:11-cv-00779 Document 17 Filed 10/17/11 Page 12 of 16 PageID #: 117

the contractual and/or third party beneficiary relationship between and/or among First Liberty, the Borrowers and other third parties.

26. FAMC's wrongful acts as alleged herein have caused and are causing damage to First Liberty. As a direct and proximate result of the aforementioned acts, First Liberty has suffered damages in an amount in excess of $75,000, the jurisdictional limit of this Court, exclusive of interest and costs.

27. Under common law, First Liberty is entitled to an award of punitive damages.

28. Under statutory law, First Liberty is entitled to an award of treble damages.

29. Accordingly, First Liberty prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

**(Breach of the Covenant of Good Faith and Fair Dealing)**

30. First Liberty repeats and incorporates herein by reference the allegations in the immediately preceding paragraphs 1-29 of this counterclaim.

31. As part of the Mortgage Loan Purchase transaction, including the related Loan Purchase Agreement and the Mortgage Loan Documents, FAMC had and continues to have the responsibility to honor the reasonable expectations of the contracting parties and to protect the rights of the parties to receive the benefits of the agreements into which they entered.

32. The actions of FAMC as alleged herein constitute breaches of the covenant of good faith and fair dealing.

33. FAMC's wrongful acts as alleged herein have caused and are causing damage to First Liberty. As a direct and proximate result of the aforementioned acts, First Liberty has suffered damages in an amount in excess of $75,000, the jurisdictional limit of this Court, exclusive of interest and costs.

34. Accordingly, First Liberty prays for judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment)**

35. First Liberty repeats and incorporates herein by reference the allegations in the immediately preceding paragraphs 1-34 of this counterclaim.

Franklin American v. First Liberty
Case No. 3:11-cv-00779    P a g e | 13    Answer and Counterclaim
Case 3:11-cv-00779    Document 17    Filed 10/17/11    Page 13 of 16 PageID #: 118

36. A justifiable controversy exists between First Liberty and FAMC as to the matters set forth herein.

37. This controversy presents real questions, not theoretical ones, and legally protectable interests are at stake.

38. First Liberty is entitled to a declaratory judgment under the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101, *et seq.*, regarding the legal instruments comprising the contractual and legal rights and responsibilities as between First Liberty and FAMC. FAMC contends that the rights and responsibilities by and between the parties are defined by and arise from within the "four corners" of the Loan Purchase Agreement, exclusive of any other document. First Liberty contends that the rights and responsibilities by and between the parties are defined by and arise from the Loan Purchase Agreement and the Mortgage Loan Documents, including other transactional documents relating to the Mortgage Loan.

39. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties hereto may ascertain their respective rights and obligations.

## FIFTH CLAIM FOR RELIEF

### (Accounting)

40. First Liberty repeats and incorporates herein by reference the allegations in the immediately preceding paragraphs 1-39 of this counterclaim.

41. First Liberty seeks an accounting of all sums expended and received by FAMC and/or any third parties under the Loan Purchase Agreement and/or the Mortgage Loan Documents and for the benefit of any party, including First Liberty, FAMC, the Borrowers and/or any other party.

Franklin American v. First Liberty
Case No. 3:11-cv-00779   P a g e | 14   Answer and Counterclaim
Case 3:11-cv-00779   Document 17   Filed 10/17/11   Page 14 of 16 PageID #: 119

## DEMAND FOR JURY TRIAL

First Liberty hereby requests a jury trial for all issues triable by a jury including, but not limited to, those issues and claims set forth in any complaint or amended complaint, counterclaim or third party claim herein.

## PRAYER FOR RELIEF

WHEREFORE, First Liberty prays for judgment as to each claim for relief as follows:

1. FAMC take nothing by way of its complaint and its complaint be dismissed;

2. Judgment be entered in First Liberty's favor;

3. For compensatory damages in an amount to be determined according to proof at trial;

4. For punitive damages in an amount as provided by law;

5. For treble damages in an amount as provided by law;

6. For an accounting as requested herein;

7. For reasonable attorneys' fees and costs; and

8. For such other and further relief as the Court deems just and proper.


DATED: October 17, 2011.                Respectfully submitted,

**LAW OFFICES OF SCOTT D. JOHANNESSEN**


By:   */s/ Scott D. Johannessen*
      Scott D. Johannessen (BPR No. 26767)
      3200 West End Avenue, Suite 500
      Nashville, TN 37203
      Telephone:    877.863.5400
      Facsimile:    877.863.5401
      E-Mail:       scott@sdjnet.com
      Web:          www.sdjnet.com

      *Attorney for:*
      FIRST LIBERTY FINANCIAL GROUP, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 17, 2011, a true and accurate copy of the foregoing document has been served, via the method(s) indicated below, on the following person(s):

| **Service by:** | **Service on:** |
|---|---|
| ECF | Charles M. Cain, II (TN BPR No: 25301)<br>219 Third Avenue North<br>Franklin, Tennessee 37064<br>Telephone: 615.599.1785<br>Facsimile: 615.724.1848<br>E-Mail: ccain@cain-law.com<br><br>*Attorney for:*<br>FRANKLIN AMERICAN MORTGAGE COMPANY |

            */s/ Scott D. Johannessen*
            Scott D. Johannessen