# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE CORP. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-0779 |
| ) | JUDGE HAYNES |
| FIRST LIBERTY FINANCIAL MORTGAGE ) | |
|     Defendant. ) | |

## ANSWER TO COUNTERCLAIM

The Plaintiff, Franklin American Mortgage Corporation, responds to the Defendant's counterclaim as follows:

1. Plaintiff admits the allegations of Paragraph 1 of the counterclaim.

2. The Plaintiff is without sufficient information to admit or deny the allegations of Paragraph 1 of the counterclaim and, therefore, denies the same.

3. Plaintiff admits the allegations of Paragraph 3 of the counterclaim.

4. The Loan Purchase Agreement speaks for itself and, therefore, Paragraph 4 of the counterclaim does not require a response from the Plaintiff. However, to the extent Paragraph 4 merits a response, Plaintiff admits that the Loan Purchase Agreement governs the contractual rights and responsibilities of the parties but denies the remaining allegations of Paragraph 4 to the extent such allegations state that any documents other than the Loan Purchase Agreement govern the contractual rights and responsibilities of the parties.

5. The Loan Purchase Agreement speaks for itself and, therefore, Paragraph 5 of the counterclaim does not require a response from the Plaintiff. However, to the

extent that Paragraph 5 merits a response, the Plaintiff denies that the Plaintiff breached the Loan Purchase Agreement.

6. Plaintiff admits the allegations of Paragraph 6 of the counterclaim.

7. Plaintiff admits the allegations of Paragraph 7 of the counterclaim.

8. Plaintiff admits the allegations of Paragraph 8 of the counterclaim.

9. Plaintiff admits the allegations of Paragraph 9 of the counterclaim.

10. Plaintiff admits the allegations of Paragraph 10 of the counterclaim.

11. Plaintiff denies the allegations of Paragraph 11 of the counterclaim.

12. Plaintiff admits that the Plaintiff purchased the loan in question from the Defendant, but denies the remaining allegations of Paragraph 12 of the counterclaim.

13. Plaintiff admits that the Plaintiff sold the loan in question to a third party, but denies the remaining allegations of Paragraph 13 of the counterclaim.

14. Plaintiff admits that the Borrowers defaulted on the loan in question and that the Plaintiff became aware of the Borrowers' default, but denies the remaining allegations of Paragraph 14 of the counterclaim.

15. Plaintiff is without sufficient information to admit or deny the allegations of Paragraph 15 of the counterclaim and, therefore, denies the same.

16. Plaintiff denies the allegations of Paragraph 16 of the counterclaim.

17. Plaintiff denies the allegations of Paragraph 17 of the counterclaim.

18. All allegations of the counterclaim that have not previously been admitted or denied herein are now denied generally, and to the same effect as if specifically denied.

19. Plaintiff denies that the Defendant is entitled to any of the relief sought in the counterclaim.

## FIRST AFFIRMATIVE DEFENSE

The Defendant fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the Defendant's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

If Defendant suffered any injury, damage, or loss, as alleged, to be alleged, or otherwise, then, in that event, said injury and/or damage was proximately caused or contributed to by Defendant's own conduct, including, but not limited to, carelessness, recklessness, consent, comparative negligence, and/or breach of contract, covenants and conditions on its part to be performed, thereby reducing or barring its claims against the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant cannot establish a causal connection between Plaintiff's alleged acts and any alleged injury or damage of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

If the Defendant suffered any injury, damage, or loss, as alleged, to be alleged, or otherwise, then, in that event, any damages resulting therefrom, if any, must be reduced by Defendant's failure to mitigate its injury, damage or loss, if any.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant should not be permitted to seek equity from this Court under the doctrine of unclean hands and the equitable maxim that he who would have equity must do equity and must give effect to all equitable rights of the other party.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant, at some periods during the term of the Loan Purchase Agreement, were in breach of such agreement and failed to comply with the terms of such agreement.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff affirmatively asserts the defenses of waiver, estoppel, laches, recoupment, setoff and ratification.

**WHEREFORE**, Defendant denies that it is liable to the Plaintiff in any amount and requests that the Court dismiss this action with prejudice award Defendant its reasonable costs and reasonable attorney's fees and order such further relief as this Court may deem equitable and just.

Respectfully submitted,

*/s/ Charles M. Cain, II*
Charles M. Cain, II (#25301)
219 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-1785
Facsimile: (615) 724-1848
ccain@cain-law.com
*Attorney for Franklin American Mortgage Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2011, a copy of the foregoing *Answer to Counterclaim* was sent via the Court's electronic filing system and U.S. Mail First Class, post-prepaid, to the following:

Scott D. Johannessen, Esq.
Law Offices of Scott D. Johannessen
3200 West End Ave., Suite 500
Nashville, Tennessee 37203
*Attorney for First Liberty Financial Mortgage*

*/s/ Charles M. Cain, II*
CHARLES M. CAIN, II